# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Kentrell D. Welch,

    Plaintiff

v.

Michael Minor, et al.,

    Defendants

Case No.: 2:19-cv-00480-JAD-BNW

**Order**

[ECF Nos. 22, 23, 24, 28, 32, 37, 39]

Plaintiff Kentrell D. Welch brings this civil-rights action under 42 U.S.C. § 1983 for alleged deliberate indifference to his serious dental needs that he claims he has suffered inside Nevada's prisons. Since the court screened Welch's claims and permitted this Eighth Amendment violation claim to proceed, Welch has filed four motions to amend or supplement his complaint in various ways. None of those motions is accompanied by a proposed amended complaint as this district's Local Rule 15-1 requires.[1] The ever-changing nature of Welch's request to amend and his failure to provide a proposed amended complaint makes it exceedingly difficult for the court to evaluate what claims Welch wants to assert and whether he can plead facts to support them. Accordingly, the court denies all of Welch's pending motions to amend or supplement his complaint without prejudice to his ability to file a SINGLE, updated motion for leave to amend to which he must attach his proposed amended complaint. Welch is cautioned that an amended complaint supersedes the original complaint, so the proposed amended

---

[1] See ECF Nos. 23, 54, 32, 37. L.R. 15-1 states, "Unless the court orders otherwise, the moving party must attach the proposed amended pleading to a motion seeking leave of the court to file an amended pleading. The proposed amended pleading must be complete in and of itself without reference to the superseded pleading and must include copies of all exhibits referred to in the proposed amended pleading."

complaint must be complete in itself.[2] He must file the amended complaint on this court's approved prisoner civil-rights form, write the words "Proposed First Amended" above the words "Civil Rights Complaint" in the caption, and follow the instructions on the form. In each count, he must allege detailed true facts sufficient to show what each defendant specifically did to violate his civil rights. Welch is further warned that he may not continue to simply file supplemental "information" or "evidence" in support of his existing claims once the court has screened his claims and determined what claims may proceed.

IT IS THEREFORE ORDERED THAT Welch's motions for leave to **amend [ECF Nos. 23, 24, 32, 37] are DENIED without prejudice** to Welch's ability to file a proper, SINGLE motion for leave to which he must attach his proposed amended complaint on the court's form. To assist Welch in that endeavor, **the Clerk of Court is directed to SEND to the plaintiff one copy of the court's inmate civil-rights form complaint and a copy of his complaint [ECF No. 9].**

IT IS FURTHER ORDERED THAT Welch's motions for summary judgment **[ECF Nos. 22, 39] are DENIED without prejudice** as premature because Welch has indicated that he intends to significantly amend his claims. Welch is cautioned that summary judgment is generally not available until late in a case of this nature, after the discovery process has been completed. And when the plaintiff (as Welch is here) moves for summary judgment, he has a

---

[2] *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal).

heavy burden: he must come forward with evidence that proves beyond controversy each element of his claim, leaving no material issues of fact.[3]

Finally, IT IS ORDERED that Welch's motion for reconsideration of the denial of his motion to enjoin dental lawsuits against the Nevada Department of Corrections and the denial of his first motion for judgment **[ECF No. 28] is DENIED**. The court denied those motions because they were filed during the pendency of the 90-day stay and in violation of the court's stay order.[4] A motion to reconsider must set forth "some valid reason why the court should reconsider its prior decision" by presenting "facts or law of a strongly convincing nature,"[5] and I find that Welch has not met that burden.

Dated: January 6, 2020

_____
U.S. District Judge, Jennifer Dorsey

---

[3] *C.A.R. Transp. Brokerage Co. v. Darden Restaurants, Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (quoting *Houghton v. South*, 965 F.2d 1532, 1536 (9th Cir.1992) (citation and quotations omitted)).

[4] ECF No. 20.

[5] *Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003); *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).