# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

KENTRELL D. WELCH,

          Plaintiff,

v.

MICHAEL MINOR, et al.,

          Defendants.

Case No. 2:19-cv-00480-JAD-BNW

**ORDER**

Presently before the court are three motions. Plaintiff filed two motions for appointment of counsel (ECF Nos. 43, 46) on January 8, 2020 and January 17, 2020, respectively. Defendants responded to these motions on January 15, 2020 (ECF No. 45) and January 22, 2020 (ECF No. 47). Plaintiff replied to Defendant's second response on January 24, 2020. (ECF No. 48.) Plaintiff also filed a motion to submit a final page of an amended complaint (ECF No. 44) on January 14, 2020. Defendant did not respond to this motion. The court will address each motion in turn.

**I.    Plaintiff's Motions for Appointment of Counsel (ECF Nos. 43, 46)**

Plaintiff first moves this court to appoint him counsel. (ECF Nos. 43, 46.)[1] Plaintiff requests counsel for several reasons: (1) he is unable to afford counsel; (2) the case is too complex for Plaintiff's understanding and abilities, as Plaintiff was adjudicated incompetent in 2015; (3) Plaintiff's long-term confinement in isolation has caused Plaintiff to mentally

---

[1] Plaintiff's motions for appointment of counsel (ECF Nos. 43, 46) are nearly identical and make the same arguments regarding why counsel should be appointed. Plaintiff does add in ECF No. 46 that he is likely to succeed on the merits. (ECF No. 46 at 4.)

1  deteriorate; and (4) Plaintiff does not have adequate law library access. (ECF No. 43.) Plaintiff

2  does not elaborate much on these arguments. (*See id.*)

3  However, in support of Plaintiff's argument that this case is too complex for his understanding and abilities, he attaches a neuropsychological report from June of 2015. (*Id.* at 8-15.) This report appears to have been prepared in connection with a petition for habeas relief. Among other things, the report notes that Plaintiff has long-term impaired functioning due to both psychiatric illness and borderline intellectual functioning.[2] (*Id.* at 15.) The report indicates that Plaintiff has an IQ of 79, which falls in the bottom 8% of adults. (*Id.* at 9.) The report also notes that Plaintiff appears to have "significant neurocognitive and psychological barriers to his ability to fully comprehend legal processes and proceedings . . . ." (*Id.* at 8.) Plaintiff argues that these circumstances constitute "exceptional circumstances" and counsel should be appointed. (*Id.* at 5.)

Defendant opposes Plaintiff's motions for appointment of counsel (ECF Nos. 45, 47.)[3] Defendant argues that Plaintiff has not met the standard for demonstrating exceptional circumstances, which requires the court to analyze Plaintiff's likelihood of success on the merits and the complexity of the case. (*Id.*) First, Defendant notes that Plaintiff did not address whether he is likely to succeed on the merits. (ECF No. 45 at 4.) Second, Defendant argues that that this case, involving an Eighth Amendment claim related to dental treatment, is not complex. (*Id.*) Defendant does not address Plaintiff's neuropsychological report but concludes that whatever "shortcomings" Plaintiff may have here exist in nearly every inmate lawsuit. (*Id.* at 4-5.)

Plaintiff's reply does not add any new arguments or analysis. (*See* ECF No. 48.)

---

[2] The report discusses several contributing factors to Plaintiff's impaired mental function, including suspected prenatal alcohol and marijuana exposure, persistent abuse throughout Plaintiff's childhood despite multiple different home placements, maternal and paternal substance abuse and mental health difficulties, lack of appropriate treatment for early onset mental health issues, early drug and alcohol use, consistently living in neighborhoods with high levels of gang violence, and multiple suspected head injuries. (ECF No. 43 at 13-14.)

[3] Defendant's response briefs to Plaintiff's motions for appointment of counsel are similar. (*See* ECF Nos. 45, 47.) In ECF No. 47, Defendant adds that Plaintiff's new bare assertion that he is likely to succeed on the merits is insufficient to establish this fact. (ECF No. 47 at 3.)

Civil litigants do not have a Sixth Amendment right to appointed counsel. *Storseth*, 654 F.2d at 1353. In very limited circumstances, federal courts are empowered to request an attorney to represent an indigent civil litigant. For example, courts have discretion, under 28 U.S.C. § 1915(e)(1), to "request" that an attorney represent indigent civil litigants upon a showing of "exceptional circumstances." *Agyeman v. Corrections Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). The circumstances in which a court will make such a request, however, are exceedingly rare and require a finding of extraordinary circumstances. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 799-800 (9th Cir. 1986); *Wilborn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir. 1986).

To determine whether the "exceptional circumstances" necessary for appointment of counsel are present, the court evaluates (1) the likelihood of plaintiff's success on the merits and (2) the plaintiff's ability to articulate his claim pro se "in light of the complexity of the legal issues involved." *Agyeman*, 390 F.3d at 1103 (quoting *Wilborn*, 789 F.2d at 1331). Neither of these factors is dispositive and both must be viewed together. *Wilborn*, 789 F.2d at 1331. It is within the court's discretion whether to request that an attorney represent an indigent civil litigant under 28 U.S.C. § 1915(e)(1). *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

Here, Plaintiff has some likelihood of success on the merits, as his Eighth Amendment claim for deliberate indifference to his serious dental needs survived screening. (*See* ECF No. 8.)

Plaintiff's Eighth Amendment claim may not be particularly legally or factually complex relative to other legal claims. However, Plaintiff's ability to articulate his claim pro se is substantially diminished by his impaired intellectual functioning. As noted above, he has an IQ of 79 and "significant neurocognitive and psychological barriers to his ability to fully comprehend legal processes and proceedings . . . ." (ECF No. 43 at 8-9.) While there does not appear to be controlling Ninth Circuit authority on this point, lower courts have found such mental barriers justify appointing counsel. *See, e.g.*, *United States v. Dillard*, 2005 WL 2847411, at *2 (D. Idaho Oct. 19, 2005) (appointing counsel in light of defendant's IQ of 77 and borderline intellectual functioning). In its discretion, the court finds that Plaintiff's intellectual limitations present exception circumstances that justify appointing counsel in this case.

1   The court will refer this case to the court's Pro Bono Pilot Program to attempt to find an
2   attorney to accept Plaintiff's case. Plaintiff should be aware that the federal court has no authority
3   to require attorneys to represent indigent litigants in civil cases under 28 U.S.C. § 1915(d).
4   *Mallard v. U.S. Dist. Court for Southern Dist. of Iowa*, 490 U.S. 296, 298 (1989). Rather, when a
5   court "appoints" an attorney, it can only do so if the attorney voluntarily accepts the assignment.
6   *Id.* If counsel is found for Plaintiff, the court will issue an order appointing counsel and counsel
7   will contact Plaintiff. Plaintiff is reminded that until counsel is provided, he is still responsible for
8   complying with all deadlines in his case.

### II. Plaintiff's Motion to Submit Final Relief Page (ECF No. 44)

Plaintiff next moves this court accept a final page of an amended complaint.[4] (*See* ECF No. 44.) Though Plaintiff's motion is somewhat difficult to understand, it appears he believes that the last page of his amended complaint (that includes his request for relief) was intentionally not filed by a prison library worker. (*See id.*) Plaintiff attaches this final page of his amended complaint to his motion and requests that the court accept it and that it be added to his amended complaint. (*See id.* at 3; ECF No. 44-1 at 2.) Defendant did not respond to this motion.

The court will deny Plaintiff's motion, as it appears that the final page Plaintiff believes was not submitted was in fact submitted. That is, the final page of Plaintiff's amended complaint (ECF No. 43 at 26) appears to be identical to the final page Plaintiff submits in connection with the instant motion (ECF No. 44-1 at 2). Put simply, the court already has this page.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for appointment of counsel (ECF No. 43) is GRANTED.

**IT IS FURTHER ORDERED** that this case is referred to the Pilot Pro Bono Program adopted in General Order 2017-07 for the purpose of identifying an attorney willing to be appointed as a pro bono attorney for Plaintiff. Plaintiff is reminded that he must comply with all

---

[4] Plaintiff submitted an amended complaint as an attachment to his motion for appointment of counsel. (*See* ECF No. 43 at 16.) Plaintiff is advised that this amended complaint has no effect in this case and is not the operative complaint. If Plaintiff wishes to amend his complaint, he must file a motion to amend his complaint and attach the proposed amended complaint to this motion to amend.

deadlines currently set in his case and there is no guarantee that counsel will be appointed. If counsel is found, an order appointing counsel will be issued by the court and Plaintiff will be contacted by counsel.

**IT IS FURTHER ORDERED** that the Clerk of Court must forward this order to the Pro Bono Liaison.

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel (ECF No. 46) is DENIED as moot because the court is granting ECF No. 43, which requests the same relief.

**IT IS FURTHER ORDERED** that Plaintiff's motion to submit final relief page (ECF No. 44) is DENIED.

DATED: March 23, 2020

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE