# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Kentrell Welch,

    Plaintiff

v.

Michael Minor, et al.,

    Defendants

Case No.: 2:19-cv-00480-JAD-BNW

**Order**

[ECF No. 51, 59]

    Plaintiff Kentrell Welch brings this civil-rights action under 42 U.S.C. § 1983 for alleged deliberate indifference to his serious dental needs that he claims he suffered inside Nevada's prisons. He moves (1) for a special verdict or judgment as a matter of law under Federal Rules of Civil Procedure 49 and 50,[1] and (2) to join defendants under Rules 19 or 20.[2] I deny both motions.

    First, Welch's motion for a special verdict or judgment as a matter of law is procedurally improper. A special verdict under Rule 49 is used by a jury at trial,[3] and Rule 50 lets parties move for judgment as a matter of law once "a party has been fully heard on an issue during a jury trial."[4] These rules are designed to be used during trial, not when the parties are still narrowing claims via amended complaints. So, I deny the motion for judgment. Second, the parties that Welch moves to join are already named defendants in his amended complaint, filed on November 6.[5] I therefore deny as moot the motion to join parties.

---

[1] ECF No. 51.
[2] ECF No. 59.
[3] *See* Fed. R. Civ. P. 49(a)(1).
[4] Fed. R. Civ. P. 50(a)(1).
[5] ECF No. 77.

**Conclusion**

IT IS THEREFORE ORDERED that the plaintiff's motion for a deferred special verdict or judgment as a matter of law **[ECF No. 51] is DENIED**.

IT IS FURTHER ORDERED that the plaintiff's motion for required or permissive joinder of parties **[ECF No. 59] is DENIED as moot.**

Dated: November 12, 2020

_____
U.S. District Judge Jennifer A. Dorsey