1  AARON D. FORD
    Attorney General
2  ALEXANDER J. SMITH (Bar No. 15484C)
    Deputy Attorney General
3  State of Nevada
   Office of the Attorney General
4  555 East Washington Avenue
   Suite 3900
5  Las Vegas, Nevada  89101
   (702) 486-4070 (phone)
6  (702) 486-3773 (fax)
   Email:  ajsmith@ag.nv.gov
7
   *Attorneys for Defendant*
8  *Michael Minev*

9

10

11

12                    **UNITED STATES DISTRICT COURT**

13                         **DISTRICT OF NEVADA**

14  KENTRELL D. WELCH,                      Case No. 2:19-cv-00480-JAD-BNW

15                  Plaintiff,
                                            **DEFENDANT'S MOTION FOR A**
16   v.                                     **FORTY-FIVE DAY EXTENSION OF**
                                            **TIME TO ANSWER OR RESPOND**
17  MICHAEL MINOR, *et al.,*                   **TO THE COMPLAINT**
                                               **(FIRST REQUEST)**
18                  Defendants.

19

20        Defendant Michael Minev, by and through counsel, Aaron D. Ford, Nevada Attorney

21  General, and Alexander J. Smith, Deputy Attorney General, of the State of Nevada, Office

22  of the Attorney General, hereby moves for a forty-five day extension of time to answer or

23  respond to the first amended complaint (ECF No. 77). A November 6, 2020 order (ECF No.

24  76) granted Plaintiff Kentrell D. Welch's unopposed motion (ECF No. 68) to amend the

25  complaint. The deadline to answer or respond to the complaint is November 27, 2020, but

26  for the reasons outlined below, Defendant requests a forty-five day extension of time to

27  answer or respond to the first amended complaint.

28  ///

1   In the first week of November, Attorney Smith was assigned well over half a dozen

2   new cases in addition to his almost four-dozen or so others after his colleague, Deputy

3   Attorney General Matthew Feeley, recently departed the division. Some of these demanded

4   immediate responses. Also, Attorney Smith has several summary judgment motion

5   deadlines within the next forty days, and within the last two weeks, all Attorney General's

6   Office staff have been ordered to stay at home because of the Coronavirus spike; Attorney

7   Smith has had delayed access to the materials he needs in order to diligently defend all his

8   cases. In order to familiarize himself with the case and to respond adequately and

9   thoroughly, Attorney Smith needs further time to prepare a thorough response to the

10   complaint.[1]

11   Defendant therefore respectfully moves under Rule 6(b)(1), Federal Rules of Civil

12   Procedure, for a forty-five day extension of time to respond. This will take the deadline to

13   answer or respond to the complaint from November 27, 2020, to January 11, 2020; good

14   cause exists for granting this motion, and Welch will not be prejudiced by this short delay.

15   **I.      LAW AND ARGUMENT**

16   **A.      Rule 6(b), Federal Rules Of Civil Procedure**

17   Rule 6(b)(1), Federal Rules of Civil Procedure, governs extensions of time and states:

18   
19   > When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect.
20   
21   

22   If additional time for any purpose is needed, the proper procedure is to present a

23   request for extension of time before the time fixed has expired. *Canup v. Mississippi Val.*

24   *Barge Line Co.,* 31 F.R.D. 282 (W.D.Pa. 1962).  An extension of time may always be sought

25   ///

26   _____

27   [1] The court informed (ECF No. 76) Defendant that it would not perform a second screening of Welch's's first amended complaint. Defendant would benefit considerably from the requested extension of time in order to respond adequately to Welch's somewhat lengthy handwritten complaint, which adds many new defendants and new causes of action.

28

1   and is usually granted on a showing of good cause if timely made under subdivision (b)(1)

2   of the Rule. *Creedon v. Taubman*, 8 F.R.D. 268 (N.D. Ohio 1947).

3   **B.      Local Rules IA 6-1 And 26-3.**

4   LR IA 6-1 requires that a motion to extend time must state the reasons for the

5   extension requested, and LR 26-3 requires that a motion to extend any date set by the

6   discovery plan, scheduling order, or other order must, as well as satisfying the

7   requirements of LR IA 6-1, demonstrate good cause for the extension.[2]

8   **C.      Good Cause Exists, Thus An Order Should Grant Defendants' Motion
            For An Extension Of Time To Answer Or Respond To The Complaint**
9

10   Here, good cause exists for extending the deadline to answer or respond to the

11   complaint by forty-five days. Defendant intends to move to dismiss; by extending the

12   deadline, Welch is under no danger of prejudice, and the delay is short.

13   Some of Attorney Smith's cases that he inherited from his predecessor have required

14   immediate, lengthy attention, in addition to his usual caseload. Second, Attorney Smith

15   started with the Nevada Attorney General's Office approximately two months ago and was

16   only recently admitted to the Federal District Court (late September 2020). Upon

17   commencement of his employment, Attorney Smith became counsel for the defense in over

18   forty actions (now approximately fifty) and has worked assiduously and expeditiously to

19   review each case file. Because of Attorney Smith having spent an inordinate amount of

20   time satisfying several imminent deadlines in the recently assigned cases, Attorney Smith

21   needs further time to adequately brief the court on why Welch's complaint is legally

22   deficient.

23   Bearing in mind the numerous technological difficulties caused by the State of

24   Nevada moving to working from home because of the COVID-19 crisis, Attorney Smith is

25   ///

26

27   [2] LR 26-3 lists four factors that are considered upon adjudication of a motion to
     extend a discovery deadline or to reopen discovery, but these are not considered in this
28   motion because Defendant neither moves to extend a discovery deadline nor moves to
     reopen discovery.

1    working diligently to defend this action.[3] In sum, Attorney Smith needs additional time in

2    order to adequately move to dismiss.

3    **II.     CONCLUSION**

4        For the reasons stated above, good cause exists for the granting of an extension, and

5    Defendant respectfully moves for an extension of the deadline to answer or respond to the

6    complaint from November 27, 2020, to January 11, 2021.

7        DATED this 24th day of November, 2020.

8

9                        AARON D. FORD
                            Attorney General

10                       By: /s/ Alexander J. Smith

11                         ALEXANDER J. SMITH (Bar No. 15484C)
                        Deputy Attorney General

12                       *Attorneys for Defendant*

13

14    **IT IS SO ORDERED**

15    **DATED:** 12:38 pm, December 01, 2020

16

17

18    **BRENDA WEKSLER**
     **UNITED STATES MAGISTRATE JUDGE**

19

20

21

22

23

24

25

26

27        [3] Two weeks ago, all Attorney General's Office employees were ordered to work from home because of Governor Sisolak's "Stay at Home 2.0" plan. Following Sisolak's

28    November 22, 2020 announcement telling all Nevadans to stay at home wherever possible, this has been extended for another three weeks.